IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| ROBERT DUVALL, § | |
| Institutional ID No. 02209753, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:19-CV-00052-BU |
| § | |
| TEXAS DEPARTMENT OF § | |
| CRIMINAL JUSTICE, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Robert Duvall (Duvall), a Texas prisoner currently incarcerated at the Texas Department of Criminal Justice (TDCJ) Nathaniel J. Neal Unit, filed a *pro se* civil rights case in which he alleged harm caused to him by exposure to methane gas and raw sewage while incarcerated at the TDCJ John Middleton Unit.[1]  Dkt. No. 1.  Duvall was subsequently granted permission to proceed *in forma pauperis*.  Dkt. No. 8.  His case has been transferred to the undersigned for further proceedings.  Dkt. No. 9.  For the reasons explained below, the District Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the fourteen (14) days for filing objections to this recommendation, Duvall pays the full filing fee of $350.00.[2]

---

[1] Duvall originally brought this civil action jointly with 34 additional plaintiffs.  The Court, by order entered on April 15, 2019, allowed Duvall's complaint to continue under Civil Action No. 1:19-CV-00052-C and severed the other 34 Plaintiffs into separate actions as to each Plaintiff with a new cause number.  *See* Dkt. No. 4.

[2] The docket indicates that Duvall has so far paid $107.00 of the $350.00 filing fee in five separate installments.  Thus, Duvall would need to pay the remaining $243.00.

Prisoners may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, they have filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

Duvall filed this lawsuit using the Prisoner's Civil Rights Complaint form. Dkt. No. 1. Under the "Previous Lawsuit" section of that form, Duvall checked the space next to "NO" in response to the question, "Have you filed any other lawsuits in state or federal court relating to your imprisonment?" *Id.* at 2. In fact, Duvall has filed several other lawsuits relating to his imprisonment, some detailed below.[3] Under the "Sanctions" section of that form, Duvall checked the space next to "NO" in response to the question, "Have you been sanctioned by any court as a result of any lawsuit you have filed?"[4] *Id.* at 4. In fact, Duvall has had three civil actions dismissed as frivolous or for failure to state a claim. *See Duvall v. Anderson, et al.*, No. 4:12-CV-193-A (N.D. Tex. April 13, 2012); *Duvall v. Anderson*, No. 4:12-CV-186-A (N.D. Tex. June 5, 2012); and *Duvall v. Yanez, et al.*, No. 4:12-CV-346-A (N.D. Tex. June 6, 2012).[5]

The only exception to the three-strikes bar is when the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[A] prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP." *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). However, in order to meet the "imminent danger" exception, "the 'threat or prison condition [must be] real

---

[3] Duvall subsequently filed an amended complaint form on which he again checked "NO" in response to this question. Dkt. No. 6 at 2.

[4] On his amended complaint form, Duvall wrote in "Unknown" in response to this question. Dkt. No. 6 at 4.

[5] Duvall was also warned that "if he continues to file lawsuits seeking to proceed *in forma pauperis* without any allegation that he is under imminent danger of serious physical injury, he could be subject to sanctions." *See Duvall v. Texas Department of Criminal Justice, et al.*, No. 5:19-CV-129-C (N.D. Tex. July 9, 2019). In that civil action, like this one, Duvall represented to the Court that "he had not filed any other lawsuits relating to his imprisonment" and that "no court had ever warned or notified him that sanctions could be imposed against him as a result of any lawsuit he has filed." *Id.* at 3.

2

and proximate.' " *Valdez v. Bush*, No. 3:08-CV-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice — the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam).

A prisoner must also "allege specific facts" to support the imminent-danger exception. *Valdez*, 2008 WL 4710808, at *1. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.*, No. 3:06-CV-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. Jul. 20, 2006) (citation omitted)).

Thus, the "specific allegations" must reflect "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). There must also be a nexus between the claims made and the imminent danger alleged. *See Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, *et al.*, No. 3:13-CV-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citations omitted), *aff'd*, 571 F. App'x 352 (5th Cir. 2014) (per curiam).

Although Duvall filed a motion seeking "relief from sanctions" on the basis of "imminent harm" suffered from toxic exposure to methane gas and raw sewage that he claims continue to cause him physical harm (Dkt. No. 11), his original Statement of Claim alleges exposure to methane and sewage only during June, July, and August of 2018. Dkt. No. 1 at 4. Moreover, while it is not clear from the record when Duvall was moved from the Middleton Unit, he was housed at the Price Daniel Unit when he filed this action in April of 2019. Therefore, Duvall's

3

allegations relate only to harm in the past and there are no specific facts alleged to support the imminent danger exception to Section 1915(g).

As Duvall's current action falls under the three-strikes provision, he may not proceed without the prepayment of fees unless he alleges specific facts showing that he is subject to imminent danger of serious physical injury. The allegations in this lawsuit relate to events that allegedly occurred in June, July, and August of 2018. Dkt. No. 1 at 4. There are no substantive factual allegations to show that he currently is in imminent danger of serious physical injury as to overcome Section 1915(g). The District Court should therefore DENY Duvall's motion for relief from sanctions (Dkt. No. 11) and bar Duvall from proceeding *in forma pauperis*. *See Adepegba v. Hammons*, 103 F3d 383, 388 (5th Cir. 1996), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).

## **RECOMMENDATION**

The District Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the fourteen (14) day time for filing objections to this recommendation, Plaintiff Robert Duvall pays the full filing fee of $350.00. Accordingly, any dismissal of Duvall's complaint constitutes yet another a strike for 28 U.S.C. § 1915(g)'s purposes. *See In re Jacobs*, 213 F.3d 289 (5th Cir. 2000).

IT IS ORDERED that this case is TRANSFERRED to the docket of Senior United States District Judge Sam R. Cummings.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection

must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    IT IS SO ORDERED this 15th day of April, 2020.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE