IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ROBERT DUVALL, <br> Institutional ID No. 2209753 <br> SID No. 3483424 <br> Prev. TDCJ Nos. 448720, 887227, 178849 <br><br> Plaintiff, <br><br> v. <br><br> TEXAS DEPARTMENT OF CRIMINAL JUSTICE, et al., <br><br> Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:19-CV-00052-C |

### ORDER

Plaintiff, proceeding pro se, filed a civil rights complaint on March 30, 2019,[1] and requested leave to proceed *in forma pauperis* (IFP). The Court granted Plaintiff leave to proceed IFP and transferred the case to the docket of the United States Magistrate Judge for screening pursuant to 28 U.S.C. §§ 1915 and 1915A. As explained below, the Court now accepts the Magistrate Judge's recommendation that this case be dismissed pursuant to the three-strikes provision of § 1915.

Plaintiff filed this lawsuit against the Texas Department of Criminal Justice (TDCJ) and various TDCJ officials, complaining that while he was incarcerated in the Middleton Unit, he was exposed to raw sewage and methane gas. He indicated on his form complaint that he had not filed any other lawsuit in state or federal court relating to his imprisonment. He also

---

[1] *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (finding that prisoner's pro se complaint alleging a § 1983 action would be deemed "filed" as of the date he deposited it in the prison mail system, not as of the date it was received by the district court clerk).

indicated that he had never been sanctioned, and that it was "unknown" whether any court had warned him of the possibility of sanctions.

Soon thereafter, Plaintiff filed another civil rights case in the Lubbock Division of this Court.[2] At that time, the Court discovered that Plaintiff had accumulated three "strikes"—that is, at least three prior lawsuits he filed while incarcerated had been dismissed with prejudice as frivolous or for failure to state a claim. Thus, Plaintiff is barred from proceeding IFP in a civil action unless he demonstrates that he is under imminent danger of serious physical injury. Plaintiff's subsequent Lubbock-Division case was dismissed pursuant to the three-strikes provision of Section 1915. Plaintiff then filed a motion in this case for relief from the sanctions, arguing that his allegations are serious this time and that his sanctions from years ago should not "survive [the] statute of limitations."

The United States Magistrate Judge entered a Report and Recommendation on April 15, 2020, outlining Plaintiff's litigation history, noting his inaccurate responses on the complaint form, and recommending that the instant complaint be dismissed without prejudice pursuant to Section 1915(g), unless Plaintiff paid the balance of his filing fee within the 14-day objection period. Plaintiff objected generally to the Magistrate Judge's Report and Recommendation, and he requested a 5-month extension to pay the balance of the filing fee. Plaintiff contends that he never received notice of the prior sanctions and strikes before he filed this case. But the Court takes judicial notice of the dismissal order entered in Civil Action No. 4:12-CV-346 out of the Fort Worth Division of this District on June 6, 2012. In that Order, Judge McBryde noted that Plaintiff Robert Duvall had acquired three strikes under 28 U.S.C. 1915(g) and is therefore

---

[2] *See Duvall v. Texas Department of Criminal Justice*, No. 5:19-CV-129 (N.D. Tex., Jul. 9, 2019).

barred from proceeding IFP unless he meets the imminent danger exception. That order was mailed to Plaintiff at his address of record. Plaintiff did not appeal the dismissal.

The undersigned Senior United States District Judge has conducted an independent de novo review of the relevant portions of the record in this case and has examined the findings, conclusions, and recommendations of the Magistrate Judge. Plaintiff's objections are **OVERRULED** and his request for a 5-month extension is **DENIED**.

The Court **ACCEPTS** the findings, conclusions, and recommendation of the United States Magistrate Judge, with the following modification. The Magistrate Judge recommended that the Plaintiff be required to pay the full filing fee that was assessed against him in the PLRA Filing Fee Order issued by the Court on May 5, 2019 (Doc. 8). Instead, the Court finds that the PLRA Filing Fee Order—granting Plaintiff permission to proceed IFP—should be **VACATED**, and the Texas Department of Criminal Justice should discontinue withholding payments from Plaintiff's trust account as of the date of this Order. Plaintiff's request to proceed IFP is DENIED. Plaintiff has not paid the full filing fee of $400.00;[3] therefore, his complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint and all claims alleged therein are **DISMISSED** without prejudice pursuant to the three-strikes provision of § 1915. Plaintiff may file a motion to reopen this case only with full payment of the remaining balance of his filing fee, $293.00, within 30 days from the date of this Order.

Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $505.00 pursuant to the PLRA. Plaintiff will not be granted leave to proceed IFP on appeal.

---

[3] See District Court Miscellaneous Fee Schedule. If a prisoner-plaintiff has not been granted leave to proceed in forma pauperis, he must pay the $350 fee plus a $50 administrative fee, resulting in a total filing fee of $400.

The Clerk shall mail a copy of this order to the inmate accounting office or other persons or entity with responsibility for assessing, collecting, and remitting to the Court the interim filing fee payments on behalf of inmates, as designated by the facility in which Plaintiff is confined.

Judgment shall be entered accordingly.

SO ORDERED.

Dated May 11, 2020.

SAM R. CUMMINGS
Senior United States District Judge